IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEPHEN V. RODE and BIOTRONIK, INC., | |
| Plaintiffs, | |
| v. | 1:06-cv-02448-WSD |
| ST. JUDE MEDICAL S.C. INC., | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs Steven V. Rode and Biotronik, Inc.'s ("Plaintiff Rode" and "Plaintiff Biotronik" or collectively "Plaintiffs") Emergency Motion to Enjoin Defendant from Pursuing Second-Filed Action in Minnesota [10]. A hearing on the motion was conducted on November 22, 2006.

**I.     BACKGROUND**

Plaintiff Rode previously was employed by Defendant as a sales representative for Defendant's cardiac rhythm management devices. Around May 30, 2000, Rode signed an employment agreement ("the Agreement"), including a non-compete agreement, with Defendant. The agreement contained a forum selection clause choosing Ramsey County, Minnesota as the forum, and it

also contained an agreement to arbitrate any disputes.  In April 2006, Plaintiff Rode resigned his employment with Defendant, and he is now employed by Plaintiff Biotronik, one of Defendant's competitors.

On October 12, 2006, Plaintiffs filed their Complaint seeking a declaratory judgment that certain provisions (namely noncompetition, choice of law, choice of forum, and arbitration provisions) in the agreement between Plaintiff Rode and Defendant are invalid and unenforceable.  On November 9, 2006, Defendant filed an action in the State Court of Minnesota (the "Minnesota State Action") against the same parties, seeking a declaratory judgment ruling that the same noncompetition provision in the same employment agreement is valid and enforceable.  Defendant also filed with his Complaint a motion for temporary restraining order against Plaintiffs and requested a hearing on November 20, 2006.[1]

---

[1] In the Minnesota State Action, Defendant asserted the same claims against another former sales representative, Mark Hasty, who now also works for Plaintiff Biotronik in Georgia.  Like the Plaintiffs here, Hasty and Biotronik also filed a declaratory judgment action against Defendant in the United States District Court for the Middle District of Georgia, Mark Hasty and Biotronik v. St. Jude Medical S.C. Inc., 7:06-cv-00102-HL in which they assert the same claims that are asserted in the case before the Court.  Hasty and Biotronik also filed an Emergency Motion to Enjoin Defendant on the same issues as the motion pending in this action.  The parties in the Hasty action have agreed that this Court may hear and decide the Emergency Motion and they agreed to be bound by this Court's decision on the motion.

On November 13, 2006, Defendant filed a Motion to Dismiss, Stay, or Transfer and Motion to Compel Arbitration in this Court, arguing that the forum selection clause in the employment agreement required Plaintiffs' claims to be heard in Minnesota. On November 17, 2006, Plaintiffs and Mr. Hasty removed the Minnesota State Action to the United States District Court for the District of Minnesota, Fourth Division. On the same day, Plaintiffs filed their Emergency Motion to Enjoin Defendant From Pursuing Second-Filed Action in Minnesota, which is currently pending before the Court. Plaintiffs argue that the first-filed rule requires that Defendant be prohibited from its second-filed action in Minnesota because it involves the same controversy, same issues, and same parties as this action, which was filed first.

## II.     DISCUSSION

Under the first-filed rule, "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." Id. (citing Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982)). "[T]he party objecting to jurisdiction in the

first-filed forum carries the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." Id.

The first-filed rule usually "requires the first court to decide whether the first-filed rule should apply, or whether a narrow exception to the rule that only applies in 'compelling circumstances'" applies. Kate Aspen, Inc. v. Fashioncraft-Excello, Inc., 370 F. Supp. 2d 1333, 1338-39 (N.D. Ga. 2005). To determine if compelling circumstances exist, the Eleventh Circuit has recognized, for declaratory judgment actions, "one equitable consideration is whether the action was filed in apparent anticipation of the other pending proceeding." Id. (citing Ven-Fuel, Inc. v. Dep't of the Treasury, 673 F.2d 1194, 1195 (11th Cir. 1982)). Even if a filing is anticipatory, dismissal is not mandatory -- it is still only one equitable factor among many that a district court can consider in determining whether to hear a declaratory judgment action. Id.[2] "[T]he court notes that even in

---

[2] The Eleventh Circuit has "previously recognized convenience of the parties and the forum's connection with the controversy as relevant, albeit nonexclusive, factors." Id. "Some courts simply apply the same general factors that are considered in a motion to transfer under 28 U.S.C. § 1404(a). Id. at 1135. "Section 1404 factors include (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight

instances where the first-filed lawsuit is a declaratory judgment action and an exception to the first-filed rule might thus conceivably apply, it is nonetheless still preferred that the first-filed rule govern." Kate Aspen, Inc., 370 F. Supp. 2d at 1338-39.

The Court does not see any compelling circumstances here to refrain from applying the first-filed rule.  First, it finds this case was not filed in response in apparent anticipation of the litigation in Minnesota.  There is no evidence before the Court that Defendant threatened litigation.  Indeed, Defendant having previously litigated in this district the enforceability of the restrictive covenant in its employment agreements (Bremer v. St. Jude Medical, Inc. 06-cv-00691-TWT), it necessarily was familiar with the law of restrictive covenants in Georgia and Plaintiffs could have believed that Defendant decided not to litigate the enforceability issue again.  That Plaintiffs may have wanted certainty about the propriety of their relationship would be a reasonable, independent reason to file this action in this Court.

---

accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." Manuel, 430 F.3d at 1135 n.1.

Even if the Plaintiffs filed this suit in anticipation of Defendant filing an action, after carefully considering the facts here, the Court concludes that the "first-filed" rule applies and there are no compelling circumstances to warrant an exception to the rule's application.  See Kate Aspen, Inc., 370 F. Supp. 2d at 1338-39; Manuel., 430 F.3d at 1134-35.  Defendant acknowledges that the locus of operative facts favors jurisdiction in this Court.  Defendant's Memorandum in Opposition to Plaintiff's Emergency Motion to Enjoin ("Def.'s Opp. Memo") at 18.  That acknowledgment is important to the Court's decision that the "first-filed" rule applies, because it enjoins the overriding interest of the State of Georgia in the application and enforcement of provisions in employment agreements, including restrictions regarding employment by a competitor.  This Georgia policy issue is strikingly strong and extraordinary.

The unique nature of this issue is evident and has been acknowledged by our Circuit Court.  In Jenkins v. Brick Co. v. Bremer, 321 F.3d 1366 (11th Cir. 2003), the Eleventh Circuit noted:  "Georgia courts rarely uphold blanket non-compete agreements . . . so disfavored are these clauses that Georgia choice-of-law rules frequently require Georgia courts to apply Georgia substantive law to such agreements, even if contractual choice-of-law clauses incorporate the laws of

another state." Id. at 1369 (n.2).  The Georgia Supreme Court has stated this interest clearly:

> The law of the jurisdiction chosen by the parties to a contract to govern their contractual rights will not be applied by Georgia courts where application of the chosen law would contravene the policy of, or would be prejudicial to the interests of this State. . . . Covenants against disclosure, like covenants against competitors, affect the interest of this state . . . and hence their validity is determined by the policy of this state.

Nasco, Inc. v. Gimbert, 239 Ga. 675 (1977); Keener v. Convergys Corp., 342 F.3d 1264, 1266 (11th Cir. 2003).  In Nasco, the Georgia Supreme Court, in recognition of these strong public policy interests, refused to enforce Tennessee law to interpret the employment agreement at issue, even though the agreement contained a Tennessee choice-of-law provision.  Id.  This Court has broad familiarity with these unique legal principles of law, the applicable authorities and their nuances, and the strong public policy that governs the application of Georgia law in this unique context.  The Court also concludes, as a practical matter, that its familiarity with these issues exceeds that of the District Court in Minnesota.  These observations are simply a recognition of the unique, strong public policy issues

presented in the case before this Court. For these reasons alone, the first-filed rule requires the case to be litigated in this Georgia district.[3]

The Court finds further that the other considerations, such as location of parties, witnesses, and documents, availability of process to compel witness attendance, and the Plaintiffs' choice of forum, are at least neutral, and likely favor Plaintiffs and litigation in this district. The Court concludes that Defendant has not carried its burden of proving "compelling circumstances" to warrant an exception to the first-filed rule. Manuel, 430 F.3d 1135.

Plaintiffs next argue that the Court has the authority under the All Writs Act, 28 U.S.C. § 1651, to require Defendant to file a motion for stay in the second-filed action. "[T]he All Writs Act gives courts the power to 'issue all writs necessary or appropriate in aid of their respective jurisdictions.'" Alabama v. United States Army Corps of Eng'rs, 424 F.3d 1117, 1132 (11th Cir. 2005) (citing 28 U.S.C. § 1651(a)). "However, the simple fact that litigation involving the same issues is occurring concurrently in another forum does not sufficiently threaten a court's

---

[3] Enforcing the first-filed rule simply means this Court will first interpret the provisions of the employment agreement, including whether the choice of forum provision, as opposed to the choice-of-law provision, is enforceable.

jurisdiction to warrant an injunction[4] under the Act." Perkins v. American Nat'l Ins. Co., 446 F. Supp.2d 1350, 1354 (M.D. Ga. 2006). The Eleventh Circuit has held that "[t]he All Writs Act confers on courts 'extraordinary powers' that are 'firmly circumscribed.' An injunction under the . . . Act invokes the equitable power of the court; thus, as is similarly the case for traditional injunctions, a court may not issue an injunction under the All Writs Act if adequate remedies at law are available." Id. The Eleventh Circuit explained that "if a party will have the opportunity to raise its claims in the concurrent federal proceeding sought to be enjoined, that concurrent proceeding is deemed to provide an adequate remedy at law." Id. (noting that exceptional circumstances that have supported injunctions against related proceedings under the All Writs Act include: 1) the district court proceeding in rem and asserting jurisdiction over property, 2) the court acting to protect the integrity of its judgment when a judgment has been issued, and 3) class

---

[4] Plaintiffs argued at the November 22, 2006, hearing that they are only requesting the Court to require the Defendant to move to stay the action in Minnesota. The Court in Minnesota has a hearing scheduled in this matter on Tuesday, November 28, 2006. This Court believes the relief Plaintiffs request is, as a practical matter, another way of seeking relief that is not currently available under the All Writs Act. The Court is inclined to allow the Minnesota District Court to consider this order. The parties are instructed to advise the Minnesota District Court of this order to determine if the court in Minnesota will recognize this Court's primary jurisdiction.

actions presenting unique considerations that support enjoining proceedings related to a complex class action.).

Under Eleventh Circuit precedent, the Court finds that there is not, at this time, a sufficient threat to its jurisdiction to enjoin Defendant from proceeding in the Minnesota action or to require it to take action to stay this litigation.  Plaintiffs have an adequate remedy at law here -- they will have the opportunity to raise their arguments on the first-filed rule in proceedings in the District Court in Minnesota. In accordance with the guidance provided by the Eleventh Circuit, this Court concludes that the District Court in Minnesota is likely to defer to this Court the responsibility to evaluate whether the litigation should proceed first in this Georgia district.  The District Court in Minnesota has this Court's assurance that this case will promptly be processed in this court.   While this Court finds that it has primary jurisdiction in this case under the first-filed rule, it will refrain from issuing an injunction under the All Writs Act or taking other action to affect the Minnesota litigation unless and until the circumstances so require.

Accordingly,

Plaintiffs's Emergency Motion to Enjoin Defendant from Pursuing Second-Filed Action in Minnesota [10] is **DENIED**.

**SO ORDERED** this 22nd day of November, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE